# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff filed the instant complaint purporting to state a claim for relief against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq* ("FCRA"), California Civil Code §§1785.19 *et. seq.* ("CCRA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§1788 *et. seq.* (the "Rosenthal Act"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). As to his claims under the FCRA and CCRA, Plaintiff claims that Defendants pulled his consumer report without a permissible purpose. However, it is evident from Plaintiff's own pleading that Defendant pulled his credit report in conjunction with the collection of an account. *See*, 15 U.S.C. §1681b(a)(3)(A) (listing collection of an account as a permissible purpose under the FCRA).

As to his assertions relevant to the FDCPA and Rosenthal Act, Plaintiff alleges, in error, that Defendants misrepresented the level of attorney involvement in a September 6, 2012 dunning letter. Plaintiff also alleges in a conclusory manner that Defendants misrepresented the character, amount, or legal status of the debt and breached their duty to ascertain if there was any legitimate debt prior to attempting to collect it. These claims, however, must also fail. Plaintiff offers no

specific facts sufficient to support any of these conclusions. Further, Plaintiff admits in his own pleading that he was informed that no attorney reviewed the particular circumstances of his account. This exact language has been found by courts in this circuit to effectively convey the level of attorney involvement in a dunning letter. Accordingly, Plaintiff's FDCPA and Rosenthal Act claims must be dismissed as well.

## II.

## **STANDARD**

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. *Id.* "Without factual allegations in the complaint, a claimant cannot satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)). Further, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 544, 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Only reasonable inferences arising from the pleading should be accepted by the court. The Court should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court also should not accept the truth of legal conclusions merely because they are cast in the form of factual allegations, *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), or assume that Plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

459 U.S. 519, 526 (1983). Additionally, while the court generally may not consider materials outside the complaint and pleadings, the court may consider attachments to the complaint and documents referred to in (but not attached to) the complaint, where the authenticity of such document is not in question. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1997).

## III.

## ARGUMENT

### A.   Plaintiff Fails to Plead a Plausible Claim for Relief Under the FCRA or Cal. Civ. Code §1785 (a) as Debt Collection Constitutes a "Permissible Purpose" Under the FCRA.

Plaintiff's Complaint falls woefully short in pleading a plausible claim for relief of the FCRA. Although his Complaint alleges violations of §1681(b), Plaintiff fails to plead anything more than conclusory elements of a cause of action. In doing so, Plaintiff fails to provide the "showing" necessary to entitle him to relief. *Twombly*, 550 U.S. at 555. In support of his claim, Plaintiff alleges that Defendant pulled his credit report on September 14, 2012 and January 16, 2013 without a permissible purpose because Plaintiff: (1) did not have any business deadlines or any accounts with (2) did not make any application for credit from (3) did not make application for employment with (4) did not apply for insurance from (5) nor receive a bona fide offer of credit from the Law Office.  CP, P. 6, ¶21, 23, P. 7, ¶2. Plaintiff willfully ignores, however, that a debt collector may obtain a

consumer report if the collector does so for the purposes of collecting a debt. *See*, 15 U.S.C. §1681b(a)(3)(A); *Pyle v. First National Collection Bureau*, 2012 U.S. Dist. LEXIS 56737, *7-8 (E.D. Cal., April 23, 2012); *see also, Rodriguez v. Cavalry Portfolio Services*, *LLC*, 2012 U.S. Dist. LEXIS 30295 (S.D. Cal., March 6, 2012) ("[Plaintiff] alleges that [Defendant pulled his credit report for an improper purpose. He is wrong. A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer."). "It is not necessary for Plaintiff to have had direct dealings with defendant in order for the defendant to lawfully obtain a consumer report." *Id.* (quoting *Hinkle v. CBE Grp.*, 2012 U.S. Dist. LEXIS 26545 (S.D. Ga 2012)). If a debt collector is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection activities, so long as it seeks to use the information in connection with a transaction that the consumer initiated with the original creditor. *Id.*

Here, Plaintiff claims in a summary fashion that "there was no account that defendant had any right to collect to have had permissible purpose to obtain Plaintiff's consumer report." However this is nothing more than an unsupported conclusion. Plaintiff admits that the Law Office "mailed a dunning letter to plaintiff attempting to collect a debt" and defines "debt" as it is defined in 15 U.S.C. §1692a(5) and Cal. Civ. Code 1788.2(d). CP P. 4, ¶6-7 A debt as defined

by §1692(a)(5) as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes. . ." By virtue of Plaintiff's own pleading, it is uncontested that there was a consumer debt that Defendants attempted to collect. Further, there are no facts to indicate that the debt at issue is not duly owed by Plaintiff or that the Law Office did not have the right to collect it. Just because the law office did not respond to Plaintiff's untimely request to validation[1], does not mean that the debt does not exist.

Where the factual allegations found in a complaint imply that the defendants obtained plaintiff's credit report to collect a debt owed by plaintiff, Plaintiff fails to state a claim under section §1681(b). *Laugenour v. Northland Group Inc.*, 2013 U.S. Dist. LEXIS 98565 (E.D. Cal. July 12, 2013). As the Pyle Court emphasized:

> "As [Defendant] appears to be a collection agency, Plaintiff's conclusory allegations fail to sufficiently set forth facts to establish that Defendant violated the FCRA. Plaintiff fails to establish that Defendant was not, in fact, a collection agency, or that Plaintiff did not owe any debt that Defendant was seeking to collect on behalf of another entity."

---

[1] Plaintiff's alleges the initial communication from Defendants to have occurred on September 6, 2012. CP P. 4, ¶7. Yet, his request for validation was not sent until almost a year later on August 10, 2013. CP P. 5, ¶12. Thus, his validation request is untimely under §1692(g) and Defendant had no duty to respond.

*Pyle*, 2012 U.S. Dist. LEXIS 56737 at *9. As in *Pyle*, it is clear from Plaintiff's allegations that Defendant was clearly acting to collect on a debt and thus, had a permissible purpose. 15 U.S.C. §1681b(a)(3)(A). Thus, Plaintiff has no cause of action under the FCRA or parallel sections of the CCRA.

### B.  The September 6, 2012 Letter Does Not Constitute or Contain Violations of the FDCPA

Plaintiff attempts to make several FDCPA and Rosenthal Act claims based upon his receipt of a September 6, 2012 dunning letter. However, none of these claims is viable. As to Plaintiff's argument that the dunning letter falsely purports to be from a lawyer or law office, Plaintiff is stymied by his own pleadings. CP P. 4, ¶11. Indeed, Plaintiff pleads in his complaint that Pezzuto is an attorney. CP P. 3, ¶11.

As to Plaintiff's next claim, that the dunning letter falsely implies imminent litigation, Plaintiff fairs no better. The dunning letter contains the disclaimer that "[a]t this time no attorney with our law firm has personally reviewed the particular circumstance of your account." (the "Attorney Disclaimer"). The Attorney Disclaimer was first adopted by the Second Circuit in *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364-65 (2d Cir. 2005), and has been adopted by many Federal District Courts in California. *See*, *Snyder v. Gordon*, 2012 U.S. Dist. LEXIS 120659, 17-18 (W.D. Wash. Aug. 24, 2012) (Attorney Disclaimer mitigated the impression of attorney involvement in collection letter).

For example, in *Murphy v. Bronson, Cawley, & Bergmann, LLP*, the Southern District of California analyzed a dunning notice printed on law firm letterhead which included the Attorney Disclaimer but also stated that the firm had been "retained to collect a debt owed." 2011 U.S. Dist. LEXIS 64600, 24-25 (S.D. Cal. June 13, 2011). The consumer argued that the Attorney Disclaimer, along with the language in the letter, mislead the least sophisticated consumer to believe that litigation was imminent. The *Murphy* court disagreed. The *Murphy* court explained that "the least sophisticated debtor, reading the letter sent by [the law firm] in this case, would understand that the attorney who signed the letter had not reviewed the specific facts of the case." *Id.* The Court further noted that the letter was short and straightforward, did not refer to "claims" or "litigation," and did not use any other language that suggested impending litigation. *Id.* Further, the Court pointed to the standard FDCPA validation notice in the letter that accurately set forth the debtor's right to challenge the underlying debt. The phrase "[t]his office has been retained," coupled with law firm letterhead, did not overshadow the express disclaimer that no attorney had reviewed the file. *Id.*

The Northern District of California in *Taylor v. Pinnacle Credit Servs.*, LLC, 2011 U.S. Dist. LEXIS 36420, 28-29 (N.D. Cal. Apr. 4, 2011) also considered a dunning notice printed on law firm letterhead, which contained the Attorney Disclaimer. The *Taylor* court agreed that the Attorney Disclaimer sufficiently

conveyed the lack of attorney involvement in the case. *Id.* The court further noted that the other language in the letter, particularly the express statement that the letter was "from a debt collector", reinforced the impression that there was no attorney involvement. *Id.*

Here, the dunning letter clearly displays the disclaimer that "[a]t this time no attorney with our law firm has personally reviewed the particular circumstances of your account." Additionally, the letter does not include any other language that would overshadow this disclaimer. The letter is not signed by an individual attorney nor does an individual attorney name even appear in the signature block. There are no threats of further action, litigation, or even future contact. Instead, the letter clearly advises of the law firm's status as a "debt collector" in capital letters and states the firm's purpose as "to collect a debt".  Further, the letter advises the firm's intent to "work with [the consumer]", and contains the required §1692(g) validation and Rosenthal Act notices. This information contains nothing more than the stated purpose of debt collection and the "hope that [the consumer] will be able to arrive at a method of payment on this obligation." As with the letters in *Taylor*, and *Murphy*, the Attorney Disclaimer, in combination with the other language in the letter, clearly and accurately advises the consumer of the level of attorney involvement in the communication. Any other conclusion would be based on an improper idiosyncratic interpretation of the letter. *Evon v. Law Offices of Sidney*

*Mickell*, 688 F.3d 1015, 1027 (9th Cir. Cal. 2012) ("The least sophisticated standard safeguards bill collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices' by preserving at least a modicum of reasonableness, as well as 'presuming a basic level of understanding and willingness to read with care [on the part of the recipient.") (internal citations omitted). For these reasons, Plaintiff's claims under 1692(e)(3) and (e)(10) must be dismissed.

Lastly, Defendants note that Plaintiff also attempts to bring a claims under 1692(e)(2) and (e)(8). However, he utterly fails to plead any facts showing a misrepresentation by Defendants as to the character, amount, or legal status of his debt or a threat to communicate false credit information. CP P. 8, ¶27; P. 9, ¶30. If Plaintiff's claim is based on the dunning letter, Plaintiff fails to specify what was false about the content of the dunning letter. Further, Plaintiff fails to indicate how this communication was misleading. Even if Plaintiff was to allege that he did not owe the specific debt at issue, the receipt of a single collection letter seeking to collect a debt that is not owed does not necessarily constitute a per se violation of 1692(e). *Harrer v. RJM Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 5912 (N.D. Ill. Jan. 19, 2012) ("The unsophisticated consumer knows his account history.") As a result, Plaintiff's claims under 1692(e)(2) and (e)(8) must also be dismissed as should his mirroring Rosenthal Act claims.

## IV. CONCLUSION

For the foregoing reasons, as it is clear that Plaintiff has failed to meet the Supreme Court's plausibility standard, Defendants respectfully request that this matter be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) as any amendment would clearly be futile.

DATED: September 30, 2013

By   /s/ Neil Sholander
Neil Sholander
Attorneys for Defendants
LAW OFFICE OF JOE PEZZUTO, LLC and JOSEPH JAMES PEZZUTO II