John Kermani
35 San Marino
Irvine, CA 92614

FILED
2013 OCT 10 PM 1:56
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| John Kermani, <br><br> Plaintiff, <br><br> vs. <br><br> LAW OFFICE OF JOE PEZZUTO, LLC; <br><br> JOSEPH JAMES PEZZUTO II, <br><br> Defendants. | Case No.: **SACV13-01375-CJC-(DFMx)** <br><br> PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, John Kermani asks the court to deny defendant's Motion to Dismiss and states as follows:

### I. INTRODUCTION

1. Plaintiff is John Kermani ("Plaintiff" or "Kermani"); Defendants are Law Office of Joe Pezzuto, LLC ("Law Office"), and Joseph James Pezzuto II ("Pezzuto").

2. Plaintiff sued Defendant for violations of the FCRA and CCRAA in obtaining Plaintiff's consumer report on two separate occasions—once in September 2012 and again in January 2013—without a permissible purpose. In this case, Plaintiff alleged a cause of action for violation of the FCRA and CCRAA. The elements are:

   a. That Law Office obtained Plaintiff's consumer report from TransUnion on September 14, 2012 and a second time on January 16, 2013 with no permissible purpose;

   b. That Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Law Office that would have given them permissible purpose to obtain Plaintiff's consumer report;

   c. That Plaintiff never gave his consent for Law Office to obtain his consumer report from any agency at any time.

3. Plaintiff has also sued Defendant for violations of the FDCPA and California Rosenthal FDCPA. The elements are:

   a. Law Office falsely and/or misleadingly represented the character, amount or legal status of a debt;

   b. Law Office falsely and/or misleadingly represented or implied that the communication came from an attorney;

   c. Law Office used false representations or deceptive means to collect a debt and/or obtain information about the plaintiff;

   d. Law Office threatened to communicate false credit information.

## II.    LEGAL STANDARD

4. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999): *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

5. It is well established that "pro se complaints are held to less stringent standards than formal pleading drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

6. Federal rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face". *Id.* At 570.

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

8. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

9. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Sir. 1996): *Jones v. General Elec. Co.*, 87 F.3d 209, 211(7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

### III. ARGUMENTS AND AUTHORITIES

10. In Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Plaintiff's Complaint (hereinafter "Memorandum", Doc. 7-1), Defendant states "Plaintiff claims that Defendants pulled his consumer report without a permissible purpose. However, it is evident from Plaintiff's own pleading that Defendant pulled his credit report in conjunction with the collection of an account." (Doc. 7-1, pg. 1, lines 13-17)

    a. One cannot conclude "that Defendant pulled his credit report in conjunction with the collection of an account" from reading Plaintiff's pleading as Plaintiff clearly states, "**Plaintiff has never had** any business dealings or **any accounts with**, made application for credit from, made application for employment with, applied for

insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from **defendant, LAW OFFICE**." See Doc. 3, ¶ 21) (Bold emphasis added)

11. Defendant (incorrectly) states that "Plaintiff alleges that Defendant pulled his credit report on September 14, 2012 and January 16, 2013 without a permissible purpose..." (Doc. 7-1, pg. 6, lines 19-21).

    a. Nowhere in his Complaint does Plaintiff allege "Defendant pulled his credit report", but rather Plaintiff alleges "LAW OFFICE, had obtained Plaintiff's TransUnion consumer report" (Doc. 1, ¶ 5). While this distinction may be construed as semantics, the FCRA specifically defines "consumer report"[1], but does not determine or define or even mention what a "credit pull" is. As Plaintiff is not clear as to what may legally and definitively constitute a "credit pull", Plaintiff simply alleges that Law Office "obtained" Plaintiff's "consumer report". "Obtain" is defined as "To get hold of by effort; to get possession of; to procure; to acquire, in any way."[2]

12. Defendant claims, and cites (erroneous and irrelevant) cases to back up this claim.

    (1) There seems to be an endless cycle of cases that cite erroneous cases, which seem to be favored by debt collectors when disputing a consumer's allegations of impermissible pulls, thus reinforcing an erroneous decision and perpetuating bad case law.

    (2) In Rodriguez v. Cavalry Portfolio Services, LLC, 2012 WL 726474 at *1 (S.D. Cal. Mar. 6, 2012), Rodriguez alleges that Cavalry pulled his credit report for an improper purpose. The Court claims he is wrong, and that a debt collector may access a consumer's credit report in the course of collecting a credit card debt from

---

[1] 15 U.S.C. § 1681a(d)
[2] Black's Law Dictionary, 5th Ed., pg. 972

PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

that consumer. The Court then goes on to cite *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3rd Cir. 2011).

(3) *Huertas* alleges that Asset Management Professionals, LLC ("AMP") had obtained his credit report "without any FCRA-sanctioned purpose". Huertas has sought credit from ACB, accumulated credit card debt, initiated a Chapter 13 Bankruptcy; ACB assigned the Debt to Galaxy Asset Purchasing, then according to Huertas, Galaxy then re-assigned the Debt to AMP, which ultimately resulted in AMP's accessing of Huertas's credit report to collect on his delinquent accounts.

(4) Huertas argues that AMP violated the FCRA by obtaining his credit report without a proper purpose because AMP knew the debt was false and therefore uncollectible. Moreover, Huertas argues that AMP obtained his credit report under false pretenses because it did not intend to use it for valid collection purposes, but rather intended "to deceive the Plaintiff to pay the unlawful debt." (See Complaint ¶ 78.)

(5) The Court goes on to say "...it was that consumer transaction which ultimately resulted in AMP's accessing of Huertas's credit report to collect on his delinquent accounts." Then goes on to say "Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances" and cites *Phillips v. Grendahl* 312 F.3d 357, 366 (8th Cir.2002).

(6) Nowhere in the Appellate Court's decision does the Court state the debt collector would have had a permissible purpose regardless of whether the account is later disputed or determined to be invalid. The duty to have procedures in place to avoid errors of collection efforts on invalid information was not addressed by the Court.

(7) In addition to the *Rodriguez v. Cavalry* case, another example of frequently perpetuated erroneous case citation is *Pyle v. First National Collection Bureau*, 2012 U.S. Dist. LEXIS 56737, *7-8 (E.D. Cal., April 23, 2012); "It is not necessary for Plaintiff to have had direct dealings with defendant in order for the defendant to lawfully obtain a consumer report." Id. (quoting *Hinkle v. CBE Grp.*, 2012 U.S. Dist. LEXIS 26545 (S.D. Ga 2012)). The Judge in *Hinkle v. ARS National Services, Inc.* 3:12-cv-00052 (S.D. Ga. June 15, 2012), clearly states "The Court is constrained to note that this ruling appears to contradict a ruling in a prior case brought by Plaintiff concerning the same subject matter. In *Hinkle v. CBE Group*, 3:11-cv-091 (S.D. Ga. Oct. 5, 2011), the United States Magistrate Judge entered a Report and Recommendation recommending that the case be dismissed for failure to state a claim upon which relief can be granted. In summary fashion, Plaintiff had alleged in that case that the defendant had obtained her credit report without a permissible purpose and that she neither consented to it nor had any business dealings with the defendant that would allow it to obtain the report.
(See id., doc. no. 5.) The allegations are substantially similar to the allegations in the present case. <u>In recommending dismissal in Hinkle v. CBE Group, the United States Magistrate Judge recognized that the defendant, CBE Group, appeared to be a collection agency and that the FCRA allows a collection agency retained by a creditor to obtain a consumer credit report in collection of a delinquent account</u>. (See id., doc. no. 6.) Thus, the Magistrate Judge reasoned that Plaintiff had failed to state a claim upon which relief can be granted because she had failed to plead facts that took the case beyond speculation to the required plausibility standard. (Id.)

**Plaintiff failed to object to the Report and Recommendation, which this Court then adopted without further comment. (Id, doc. no. 8.)**

**Defendant in this case, and parties in similar cases in other districts, have cited to the Report and Recommendation of Hinkle v. CBE Group,** 2012 WL 681468 (S.D. Ga. Feb. 3, 2012), **to support dismissal of similarly plead FCRA claims.** See <u>Boston v. Leading Edge Recovery Solutions, LLC</u>, 2012 ÑL 6018178 (W.D.N.C. Dec. 3, 2012) (dismissing substantially similar complaint); cf. <u>Pyle v. First Nat'l Collection Bureau</u>, 2012 WL 5464357 (E.D. Cal. Nov. 8, 2012) (dismissing the case but noting that the plaintiff pled in his complaint that the defendant was a debt collector attempting to collect on a delinquent credit card account). Yet, **had the issue of the adequacy of the complaint been placed more squarely before the presiding judge, i.e. had there been objections to the Report and Recommendation, the result obtained may have been different.** Now, prompted to more directly address the merits of Defendant's motion to dismiss, I conclude that Plaintiff's complaint in this case is sufficient to survive the Rule 12(b)(6) challenge." (emphasis added)

**Plaintiff Alleges No Such Account For Law Office To Have Had Permissible Purpose. (Doc. 1 ¶ 21)**

13. Defendant would have the court to misread the FCRA, just as the Defendant does, in that the phrase under 15 U.S.C. § 1681b(a)(3)(A) "collection of an account" is permissible for a debt collector—even when collecting on a non-existent account.

14. Defendant makes numerous case citations that are irrelevant and have no basis for comparison to Plaintiff's case. Additionally, Defendant misinterprets several cited cases in an effort to fit Defendant's argument and basis for a motion to dismiss.

15. Plaintiff has pled a plausible claim for relief.

## IV. THE SEPTEMBER 6, 2012 LETTER DOES IN FACT CONTAIN MULTIPLE VIOLATIONS OF THE FDCPA

16. In the September 6, 2012 dunning letter, it would lead the unsophisticated consumer to believe that the letter is from an attorney, yet the letter also states that no attorney has reviewed the account. The letterhead clearly states the name and address of the law firm, and is signed by the law firm.

17. Defendant states that Plaintiff claims "that the dunning letter falsely implies imminent litigation", yet Plaintiff makes no such claims or allegations.

18. Plaintiff reasserts "that Defendants misrepresented the character, amount, or legal status of the debt and breached their duty to ascertain if there was any legitimate debt prior to attempting to collect it", as Plaintiff has alleged that "Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from defendant, LAW OFFICE." (Doc. 1, ¶ 21). If there is no account or business dealings with defendant, their alleged claim at a debt—which was not reviewed by an attorney—can have no bearing as to any legitimacy.

19. Defendant states "Plaintiff fails to specify what was false about the content of the dunning letter. Further, Plaintiff fails to indicate how this communication was misleading."

PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

20. Plaintiff has alleged that Law Office has no such account or business dealings with Defendant. Any amount sought or character or legal status of the account would be misleading. Plaintiff cites *Harrer v. RJM Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 5912 (N.D. Ill. Jan. 19, 2012), where it's quoted "The unsophisticated consumer knows his account history.", however, if there is no account to know the history of, there is no account.

## V. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD

21. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997); see also *Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev.1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax* A.R.S., 74 F. 3d 30, 33-34 (2d Cir. 1996).

## VI. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER

22. The FDCPA is a remedial statute. *Hamilton v. United Healtcare of Louisiana, Inc.*, 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

## VII. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD

23. The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard.'" *Gonzales v. Kay*, 577 F. 3d 600, 603 (5th Cir. 2009) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F. 3d 488, 495 (5th Cir.2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d 1232, 1236 (5th Cir.1997). A court must "assume that the [plaintiff-consumer] is neither shrewd nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter., Inc.*, 377 F. 3d at 495. "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F. 3d at 1236.

## VIII. CONCLUSION

24. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

25. Plaintiff has written his complaint with sufficient particularity and details and the court must accept those well-pleaded facts as true and view them in the light most favorable to the Plaintiff and allow this cause of action to proceed to trial on the merits.

**WHEREFORE**, the Plaintiff respectfully requests that the Defendants' motion to dismiss be denied; instruct the Defendant's attorney to cease citing irrelevant and erroneous cases, and allow Plaintiff's claim to move forward to trial on the merits; however, should this Honorable

1  Court find that the Plaintiff has failed to state a claim upon which relief can be granted that the

2  Court grant him leave to amend his complaint to correct any deficiencies identified by the Court.

Dated: October 10, 2013

Respectfully Submitted,

John Kermani
35 San Marino
Irvine, CA 92614

# CERTIFICATE OF SERVICE

1  

2  I, Paul M. Salmas, declare as follows. I am over the age of 18 years. My address is:

3  
4     12823 Maxwell Dr
   Tustin, CA 92782

5  On October 10, 2013, I served the foregoing document described as:

6  
7    - PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,

8  On all interested parties in this action by placing a true and correct copy thereof in a sealed

9  envelope, with first-class postage prepaid thereon, using USPS Certified Mail number: 7012 2920

10  
11  0002 0328 9267, and deposited said envelope in the United States mail in Tustin, CA, addressed

12  to:

13     Mandarich Law Group LLP
   ATTN: Neil Matthew Sholander
14     6301 Owensmouth Avenue Suite 850
   Woodland Hills, CA 91367
15  

16  I declare under penalty of perjury that the foregoing is true and correct.

17  Executed on October 10, 2013 at Tustin, CA.

18  
19  
20                                          _____
                                        Paul M. Salmas