Nicole M. Strickler (IL 6298459)
strickler@messerstilp.com
Messer & Stilp, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
Tel: (312) 334-3442
Fax: (312) 334-3434
PRO HAC VICE

Neil Sholander, State Bar No. 225894
nslander@gmail.com
917 W. 17th St.
Santa Ana, CA 92706
Tel: (714) 647-0707
Fax: (714) 647-0717
Attorneys for Defendants

**LAW OFFICE OF JOE PEZZUTO, LLC**
**JOSEPH JAMES PEZZUTO II**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KERMANI, | CASE NO. 8:13-cv-01375-CJC-DFM |
| Plaintiff, | |
| vs. | **REPLY TO DEFENDANTS' MOTION TO DISMISS** |
| LAW OFFICE OF JOE PEZZUTO, LLC; JOSEPH JAMES PEZZUTO II | Date: December 9, 2013
Time: 1:30pm
Courtroom: 9B |
| Defendants. | |

1

## Introduction

Much of Plaintiff's Response is based on a gross misunderstanding of the Fair Credit Reporting Act, 15 U.S.C. §1681 and Fair Debt Collection Practices Act, 15 U.S.C. §1692. First, debt collection, undoubtedly, is a permissible purpose to obtain a consumer report under §1681(b). Second, while Plaintiff may insist that he has had no business dealings with Defendants, that allegation without more is insufficient to state a cause of action under §1681(b) or §1692(e). Lastly, the inclusion of the language "[a]t this time no attorney with our law firm has personally reviewed the particular circumstances of your account" is not misleading as a matter of law. As a result, Plaintiff's Complaint, it its entirety, must be dismissed.

### I. Plaintiff's Complaint Clearly States that Defendants were Attempting to Collect a Debt from Plaintiff.

Plaintiff argues that the court cannot conclude that his consumer report was obtained in conjunction with the collection of an account. However, Plaintiff's own complaint shows otherwise. Plaintiff clearly alleges that Defendants "mailed a dunning letter to plaintiff attempting to collect a debt" on or about September 6, 2012. Complaint, P. 4, ¶7. Plaintiff's claims are based upon that letter and two allegedly pulls of his consumer report in September 2012 and January 2013, respectfively. Thus, by the virtue of his own pleading, Plaintiff admits that Defendants were attempting to collect a debt from him at the time in which his

consumer report was obtained.  There are no facts to suggest that Plaintiff's report was obtained for any other purpose than that debt collection.

More troublesome, is Plaintiff's disagreement with Defendants that collection of an account is a permissible purpose to obtain a consumer report. According to Plaintiff, the case law cited by Defendants in support of this premise is "bad". Tellingly, however, Plaintiff fails any case law that agrees with his position that debt collection does not constitute a permissible purpose to obtain a consumer report. Likely, this is because it is well-established in the Ninth Circuit that "[a] debt collector is permitted to obtain a consumer report if it does so for the purposes of collecting a debt." *See* 15 U.S.C. § 1681b(a)(3)(A); *Danaher v. Frederick J. Hanna & Assocs.*, P.C., 2013 U.S. Dist. LEXIS 136665, 5-6 (D. Nev. Sept. 24, 2013); *Chavez v. Premier Bankcard, LLC*, 2011 U.S. Dist. LEXIS 129251, at * 3 (E.D.Cal. Nov.8, 2011).

Notwithstanding Plaintiff's disagreement as to the available permissible purposes to obtain a credit report, he continues to insist that his report was, in any event, not pulled in the context of debt collection. Defendant notes that Plaintiff argues, in passing, that a permissible purpose would not exist if the debt at issue is non-existent.  However, Plaintiff did not plead any facts to suggest that the debt was non-existent nor does he even outwardly conclude as such in his response. In fact, he fails to address the particular debt at issue in any manner whatsoever even

though the collection letter at issue provided detailed information on the debt. *See*, Exhibit A to Motion to Dismiss ("Original Creditor: Bank of America"; "Original Creditor Account Number: XXXXXXXXXXXX0094"). The Court may include this letter in its consideration of Defendants' Motion to Dismiss under the "incorporation by reference doctrine" as its authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-69 (9th Cir. 2001); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Plaintiff does, however, repeat his conclusory allegations that he has "never had any business dealings or any accounts with. . ." Defendants. Complaint, P. 4, ¶10. However, merely "reciting each of the permissible circumstances and denying that they apply" does not state a cause of action under §1681(b). *Danaher*, 2013 U.S. Dist. LEXIS 136665 at *7; *see also Myers v. Winn Law Group, APC*, 2012 U.S. Dist. LEXIS 150347 (E.D. Cal. 2012) (conclusory allegations that defendants obtained credit report and that plaintiff neither owed the defendants a debt nor had a contract with the defendants insufficient to state §1681(b) claim); *Egbert v. Southwest Collection Servs*., 2013 U.S. Dist. LEXIS 87878 (C.D. Cal. June 21, 2013) ("A complaint that merely states in a conclusory fashion that defendants have no interest in a plaintiff's debt will be dismissed for failure to plausibly allege a violation of the FCRA."). Here, Plaintiff engages in the same pleading style as the plaintiffs in *Danaher, Egbert* and *Myers* and recites each of

the permissible circumstances and denies that they apply. However, what is clear from those cases is that more is required. In sum, without any factual allegation that Defendants obtained Plaintiff's consumer report for an impermissible purpose, his claim under §1681(b) must be dismissed.

## II.  Plaintiff Provides No Facts to Show that Defendants Misstated the Amount, Character or Legal Status of the Debt in Violation of §1692(e).

Plaintiff's claims relevant to the collection letter at issue suffer from a similar flaw as his FCRA claims. Again, Plaintiff fails to address the debt at issue, the Bank of America account no. ending in 0094. Instead, he dances around his knowledge of the debt and alleges that he has "never had any business dealings or accounts with, made application for credit from, made application for employment with, applied for insurance from, hired a dwelling unit from, nor received a bona fide offer of credit from" Defendants. Response, P. 9; ¶18. However, these bare bones conclusions concerning his relationship with Defendants have absolutely no bearing on a debt originally incurred to Bank of America. Plaintiff cannot allege that the "amount sought or character or legal status of the account" was misleading in violation of §1692(e) by alleging no facts relative to the account at issue.

## III.  The Attorney Disclaimer Language Adequately Conveys the Amount of Attorney Involvement to the Least Sophisticated Consumer.

5

Lastly, Plaintiff admits in his Response that he is not alleging that the letter falsely implies a threat of litigation. Instead, he argues that the letter is misleading in that it falsely claims to be from an attorney and then states that no attorney has reviewed the account. Plaintiff's interpretation of the statement "[a]t this time no attorney with our law firm has personally reviewed the particular circumstances of your account" is bizarre and as such, not actionable. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055 (9th Cir. Cal. 2011) ("The FDCPA does not subject debt collectors to liability for bizarre, idiosyncratic, or peculiar misinterpretations.") The letter, which is not signed by an individual attorney, means exactly what it says—that an individual attorney has not reviewed Plaintiff's account. As discussed more thoroughly in Defendants' Motion, this statement has been held by courts throughout the country to adequately convey the level of attorney involvement in a communication. Thus, there can be no actionable misconception that the communication is from an individual attorney.

DATED: October 29, 2013

           By /s/ Nicole M. Strickler
              Nicole M. Strickler
              Attorneys for Defendants
              LAW OFFICE OF JOE PEZZUTO, LLC and JOSEPH JAMES PEZZUTO II