Nicole M. Strickler (IL 6298459)
strickler@messerstilp.com
Messer & Stilp, Ltd.
166 W. Washington St., Suite 300
Chicago, IL 60602
Tel: (312) 334-3442
Fax: (312) 334-3434
PRO HAC VICE

Neil Sholander, State Bar No. 225894
nslander@gmail.com
917 W. 17th St.
Santa Ana, CA 92706
Tel: (714) 647-0707
Fax: (714) 647-0717
Attorneys for Defendants
LAW OFFICE OF JOE PEZZUTO, LLC
JOSEPH JAMES PEZZUTO II

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KERMANI,<br><br>    Plaintiff,<br><br>vs.<br><br>LAW OFFICE OF JOE PEZZUTO, LLC; JOSEPH JAMES PEZZUTO II<br><br>    Defendants. | CASE NO. 8:13-cv-01375-CJC-DFM<br><br>**MEMORANDUM IN SUPPORT EX PARTE APPLICATION TO CONTINUE HEARING DATE**<br><br>Current Date:  December 9, 2013<br>Proposed Date:  January 6, 2014 |

On September 5, 2013, Plaintiff John Kermani ("Plaintiff") initiated this lawsuit against Defendants Law Office of Joe Pezzuto, LLC and Joseph James Pezzuto, II (collectively "Defendants"). Defendants were served on September 10, 2013. On September 30, 2013, Defendants filed a Notice of Motion and Motion to Dismiss Plaintiff's Complaint with argument on the motion to be heard on December 9, 2013. On October 10, 2013, Plaintiff filed a Response and Memorandum of Points and Authorities in opposition to Defendants' Motion to Dismiss. On October 29, 2013, Defendants filed a Reply in support of the Motion to Dismiss. Defendants bring the instant ex parte application to modify the hearing date on Defendants' Motion to Dismiss due to an unforeseeable and unavoidable conflict that has arisen due to no fault by Defendants.

While the opportunities for legitimate ex parte applications are limited, it may be granted upon a showing of good cause. See, In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989); Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 489 (C.D. Cal. 1995) (stating that to be proper, an ex parte application must demonstrate that there is good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment"). However, the use of the procedure is justified where the party seeks a routine procedural order that cannot be obtained through a

regularly noticed motion. Horne v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 128271, 2-3 (C.D. Cal. Sept. 6, 2013).

Defendants are represented by Nicole M. Strickler of Messer & Stilp, Ltd. located in Chicago, IL and California counsel Neil Sholander serving as Local Counsel. Defendants' Local Counsel just recently accepted new employment which inhibits him from being present at the December 9th hearing. Further, Ms. Strickler is required to appear before the Honorable Judge Kennelly in the Northern District of Illinois on December 9th and as a result, cannot attend the hearing.

Due to this conflict, Defendants' Counsel requests a routine procedural order--- that the Motion to Dismiss hearing date be continued to a later date. Due to the limited time prior to the hearing, Defendants do not have the opportunity to notice a formal motion. Further, Defendants' Counsel has attempted, to no avail, to communicate with Plaintiff regarding this conflict. On December 5, 2013, just after learning that Mr. Sholander had an unforeseeable conflict, Defendants' Counsel sent email correspondence to Plaintiff advising of the conflict and requesting his consent to rescheduled hearing. As of the time of filing, Plaintiff did not respond. The morning of December 5, 2013, counsel for Defendants attempted to contact Plaintiff at the telephone number provided by Plaintiff on his Complaint. Defendants' Counsel discovered the telephone number is no longer in service, and

thus was unable to reach Plaintiff. Defendants have been unable to locate a substitute telephone number. According to Plaintiff's complaint, his address is 35 San Marino, Irvine, CA 92614 and telephone number is (949) 526-0179. He has communicated with counsel in the past through email address john.kermani@yahoo.com.

During the pendency of this case, counsel for the Defendants has worked diligently to prepare their case and to mutually understand the legal and factual issues in the case. (Sholander Decl. ¶ 3) They have engaged in numerous correspondences regarding the focal legal issues and to identify points of agreement and disagreement. (Sholander Decl. ¶ 3) In fact, counsel for Defendant has repeatedly explained to Plaintiff that collection of a debt is a permissible purpose to obtain a consumer report under the FCRA to no avail. In sum, Defendants have been diligent in their defense of this case and this motion is not meant for purposes of delay or frustration.

Based on the facts set forth in the declaration of Neil Sholander and this petition and memorandum, Defendants hereby respectfully request that the Court continue the hearing date to January 6, 2014 or to such further time which is convenient for the Court.

DATED: December 5, 2013                    Respectfully submitted,


                                   By    /s/ Nicole M. Strickler
                                         Nicole M. Strickler
                                         Attorneys for Defendants