JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN KERMANI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LAW OFFICE OF JOE PEZZUTO, LLC; JOSEPH JAMES PEZZUTO II,<br><br>　　　　Defendants. | Case No.: SACV 13-01375-CJC(DFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

　　*Pro se* Plaintiff John Kermani filed this action alleging claims against Defendants Law Office of Joe Pezzuto, LLC ("the Law Office") and Joseph James Pezzuto II (together, "Defendants") under the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and the Consumer Credit Reporting Agencies Act ("CCRAA"). (Dkt.

No. 1 ["Compl."].)  Defendants filed a motion to dismiss Mr. Kermani's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 7-1 ["Mot. Dismiss"].)  For the following reasons, the motion to dismiss is **GRANTED**.[1]

## BACKGROUND

Plaintiff's claims arise out of Defendants' attempts to collect a debt from Mr. Kermani on behalf of Bank of America, N.A. ("Bank of America").  On September 6, 2012, the Law Office mailed Mr. Kermani a debt collection letter, also known as a dunning letter, explaining that the Law Office had been retained to collect a debt owed by Mr. Kermani.  (Compl. ¶ 7.)  The letter stated that Bank of America was the creditor and provided the account number and the current balance for the debt. The letter also contained the following disclaimer: "At this time no attorney with our law firm has personally reviewed the particular circumstances of your account."  (Dkt. 7-2 ["Dunning Letter"].)  The letter included the Law Office's letterhead and was signed by "Law Office of Joe Pezzuto, LLC."  (*See id.*)  The letter contained no individual attorney signatures.  (*See id.*).  Below the signature line, the letter concluded with the following statement: "BE ADVISED THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR."  (*Id.*)  Later in September 2012 and again in January 2013, the Law Office obtained Mr. Kermani's consumer report from TransUnion, a consumer reporting agency.

Mr. Kermani alleges that Defendants violated (1) the FCRA and CCRAA by obtaining Mr. Kermani's credit report twice and (2) the FDCPA and Rosenthal Act by falsely representing the character of a debt, falsely implying the dunning later came from

---

[1] **Error! Main Document Only.**Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 27, 2014 at 1:30 p.m. is hereby vacated and off calendar.

an attorney, misleading the plaintiff to believe Law Office had been retained for legal action, and threatening to communicate false credit information.  (Compl. ¶¶ 24, 27–30.)

**DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  The district court may also consider materials appropriate for judicial notice, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), as well as "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations and quotation omitted)).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  In keeping with this liberal pleading

standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

*FCRA and CCRAA Claims*

Mr. Kermani alleges that the Law Office obtained his consumer report without a permissible purpose in violation of the FCRA and the parallel California statute, the CCRAA. (Compl. ¶ 24.) The FCRA prohibits a person from obtaining a credit report for purposes not specified in 15 U.S.C. § 1681b. One such specified purpose is using "the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of[] the consumer." 15 U.S.C. § 1681b(a)(3)(A).

Mr. Kermani alleges that the Law Office lacked a permissible purpose for obtaining his credit reports because he was not involved in any credit transaction with the Law Office. (Compl. ¶ 21.) However, the statutes do not limit permissible purposes to situations where consumers have had "direct dealings" with debt collectors. *Pyle v. First Nat'l Collection Bureau,* No. 1:12-CV-00288-AWI, 2012 WL 5464357, at *3 (E.D. Cal. Nov. 8, 2012) (quoting *Hinkle v. CBE Grp.*, 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012)). Indeed, "a collection agency retained by a creditor to collect on an account of the consumer" has a permissible purpose for obtaining that consumer's credit report. *Id.* (quoting *Hinkle*, 2012 WL 681468, at *3). Therefore, the relevant inquiry is whether Mr. Kermani was involved in a credit transaction with Bank of America, not whether he was involved in a credit transaction with Defendants. The Complaint omits any allegation that Mr. Kermani did not enter into a credit transaction with Bank of America. Nor does the Complaint allege that the Law Office obtained Mr. Kermani's credit report for any purpose other than collecting the debt as stated in the dunning letter.

Mr. Kermani thus fails to state a claim for obtaining a consumer report without a permissible purpose in violation of the FCRA and the CCRAA.

*FDCPA and Rosenthal Act Claims*

Mr. Kermani further alleges that Defendants' dunning letter violated the FDCPA and the parallel California statute, the Rosenthal Act. (Compl. ¶¶ 27–30.) These allegations fail to state a claim. First, Mr. Kermani alleges in conclusory fashion that the Law Office misrepresented the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2), but alleges no facts from which it can be inferred that the dunning letter misrepresented the character, amount, or legal status of the debt in any way. In his opposition, Mr. Kermani alleges that the dunning letter violated § 1692e(2) because he has never had any direct dealings with Defendants. (Dkt. No. 7 ["Pl.'s Opp'n"] ¶ 18.) However, neither the Complaint nor Mr. Kermani's opposition to Defendatns' motion to dismiss denies the existence of the relevant accountbetween Mr. Kermani and Bank of America. Therefore, Mr. Kermani fails to state a claim under § 1692e(2).

Second, Mr. Kermani alleges that the Law Office misrepresented that the dunning letter came from an attorney in violation of 15 U.S.C. § 1692e(3). (Compl. ¶ 28.) The statute prohibits a debt collector from falsely representing that "any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Mr. Kermani alleges no facts to support that the dunning letter was written by a non-attorney. In fact, Mr. Kermani alleges that Mr. Pezzuto is an attorney. (Compl. ¶ 11.) The disclaimer that "no attorney with our law firm has personally reviewed the particular circumstances of your account," (*see* Dunning Letter),[2] does not support the allegation that a non-attorney wrote the letter; rather, the statement creates a presumption of some

---

[2] Because the Complaint's claims are based in part on statements made in the Law Office's September 6, 2012 letter to Mr. Kermani, the Court may appropriately consider the letter's contents as though the

minimal level of attorney involvement.  Therefore, Mr. Kermani fails to state a claim under 15 U.S.C. § 1692e(3).

Third, Mr. Kermani alleges that the dunning letter violated 15 U.S.C. § 1692e(5) because it misled him to believe that the Law Office had been "retained for legal action" against him by stating that"[t]his office has been retained to collect the debt owed by you." (Compl. ¶ 10.)  The statute prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. § 1692e(5).  "If the least sophisticated debtor would take a communication as threatening legal action, it violates the FDCPA."  *Irvwin v. Mascott*, 112 F. Supp. 2d 937, 951 (N.D. Cal. 2000).

Mr. Kermani alleges no facts to support the conclusion that the Law Office threatened litigation in the dunning letter.  The language informing Mr. Kermani that the Law Office was "retained to collect the debt against" him makes clear that the Law Office's purpose was to collect a debt, not to threaten litigation.  The dunning letter lacks any mention of litigation and states the Law Office's intent to work with Mr. Kermani. (*See* Dunning Letter at 1 ("It is our sincere hope that you will be able to arrive at a method of payment on this obligation.  However, we cannot work with you unless you contact us.").)

The letter also states, "[a]t this time, no attorney with our law firm has personally reviewed the particular circumstances of your account."  (Dunning Letter at 1.)  While such a disclaimer is not dispositive of compliance with the FDCPA, *Dunn v. McGavic*, 653 F. Supp. 2d 1109, 1113–14 (D. Or. 2009), absent language giving the impression that

---

letter had been attached to the Complaint.  *See Branch*, 14 F.3d at 454 (holding that a court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

the author is threatening litigation, even the least sophisticated debtor would understand such a disclaimer to mean that legal action was not imminent. *Murphy v. Bronson, Cawley, & Bergmann, LLP*, No. 3:10-CV-01929 AJB, 2011 WL 2413447, at *9 (S.D. Cal. June 13, 2011). The Court finds no language in the letter that refers to litigation or suggests any purpose for the letter other than to collect a debt. Therefore, Mr. Kermani fails to state a claim under 15 U.S.C. § 1692e(5).

Fourth, Mr. Kermani alleges that the Law Office used false representations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10). (Compl. ¶ 29.) But Mr. Kermani's Complaint fails to identify any specific false representations or deceptive means in the dunning letter. Mr. Kermani alleges no facts from which it can be inferred that his account with Bank of America as listed in the dunning letter does not exist or that the Law Office employed deceptive means to collect the debt. Therefore, Mr. Kermani fails to state a claim under 15 U.S.C. § 1692e(10).

Finally, Mr. Kermani alleges that the Law Office threatened to communicate false credit information in violation of 15 U.S.C. § 1692e(8). (Compl. ¶ 30.) Again, Mr. Kermani has made no allegations that the credit information contained in the dunning letter is false. Nor does he assert as much in his opposition brief. Therefore, Mr. Kermani fails to state a claim under 15 U.S.C. § 1692e(8).

**CONCLUSION**

For the reasons stated above, Defendants' motion is **GRANTED.** Because neither Mr. Kermani's Complaint nor his opposition to Defendants' motion indicate that he would be able to assert violations of the FCRA, CCRAA, FDCPA or Rosenthal Act, the

//

//

Court finds that granting leave to amend would be futile. Mr. Kermani's Complaint is hereby **DISMISSED WITH PREJUDICE**.

DATED: January 23, 2014

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE